UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:01CV-153-J

TERRY G. BROWN                                                                                              PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                  DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon review of plaintiff Terry Brown's objections to Magistrate Judge Goebel's Findings of Fact, Conclusions of Law, and Recommendation that his applications for social security Disability Insurance Benefits be denied. After a de novo review of Mr. Brown's specific written objections, the Court accepts the magistrate's recommendation and the Commissioner's determination is affirmed.

Mr. Brown originally filed two separate applications for disability insurance benefits. The applications culminated in hearings before two separate administrative law judges, neither of whom found plaintiff to be disabled. The first decision of the Commissioner was vacated, and remanded for additional proof, a de novo hearing, and a issuance of a new decision (Tr. 217-218). Mr. Brown's timely appeal to this Court from the first unfavorable decision was filed on September 10, 2001 (DN 1). On December 20, 2001, the Commissioner was granted a Sentence Six remand in order to locate the claimant's file (Tr. 219). After an initial dispute over the appellate status of the applications, the parties agreed that the Court should conduct a consolidated review of both applications (DN 21, 22).

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, Landsaw v. Secretary of HHS, 803 F.2d 211, 213 (6th Cir. 1986). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). It is within the parameters of the substantial evidence rule that this Court addresses and rejects each of Mr. Brown's objections: 1) the ALJ failed to properly apply the treating physician's rule to the opinions of Dr. Zwemer; and 2) the Decision was based upon inadequate vocational evidence.

Plaintiff first objects to the ALJ's treatment of the medical opinions of Mr. Brown's treating orthopedist, Dr. Rodger Zwemer. The ALJ's Decision specifically adopts and gives controlling weight to the opinions of Dr. Zwemer, with the exception of his sitting restrictions, stating:

2

> The undersigned gives treating physician Dr. Zwemer's opinion that the claimant can do sedentary work controlling weight but not his opinion the claimant can only sit three or four hours in an eight hour day. The state agency physicians, Dr. McComis' and Dr. Zwemer's assessments would all generally allow the claimant to perform sedentary work activity. The undersigned concludes that the claimant would be capable of performing a wide range of simple unskilled and low level semi-skilled sedentary work. (Tr. 19-20).

The ALJ's Decision accurately outlines the various opinions rendered by Dr. Zwemer over the course of his treatment of Mr. Brown from November 10, 1999 until April 9, 2003, the following summary of which addresses in pertinent part the sitting limitations:

| | |
|---|---|
| 11/10/1999 | Limits Brown to sedentary work activity |
| 7/20/2000 | Brown limited to light duty work with changes of position for pain |
| 6/6/2001 | Brown can sit 4 hours, stand 1-2 hours, walk 1-2 hours per day |
| 8/15/2001 | Brown can sit 3-4 hours, stand and walk 2-3 hours |

The ALJ found no objective basis in the record for the change in the sitting limitation between June 6, 2001 and August 15, 2001, some two months later (Tr. 17).

Plaintiff claims that there was in fact objective evidence to support Dr. Zwemer's restrictions on sitting in the form of April 2003 lumbar spine x-rays (Tr. 385), an October 2000 pelvis x-ray (Tr. 371), and an office note of April 2002 referencing Mr. Brown's increasingly bowed knee (Tr. 265). Plaintiff argues that these provide an objective basis and justification for the change in sitting limitations between June 6, 2001 and August 15, 2001. The ALJ found no objective support for this change in sitting restrictions, nor does this Court.

While an ALJ is not bound by the opinions of a treating physician such as Dr. Zwemer, he is required to set forth some basis for rejecting that opinion, Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician, Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir.

1986). An ALJ may assign less weight to an opinion if it is not supported by detailed clinical and diagnostic test evidence, Walters v. Commissioner, 127 F.2d 525 (6th Cir. 1997); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

For the more restrictive sitting limitation to be given controlling weight, it must be a medical opinion rendered by a treating source that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and must not be inconsistent with other substantial evidence in the record, 20 C.F.R. §404.1527(d)(2). All of these factors must be satisfied before a treating source's opinion is given controlling weight, Social Security Ruling 96-2p. In rejecting a treating source opinion, an ALJ must set forth a good reason for doing so, 20 C.F.R. §404.1527(d)(2). In rejecting Dr. Zwemer's three-to-four-hour-per-day sitting restriction, the ALJ notes that the restriction was contrary to Zwemer's other assessments of record, the assessment of Dr. McComis, and the assessments of the state agency physicians (Tr. 19-20). Here, the ALJ's determination to reject the more restrictive sitting limitations was within his sound discretion. This Court will not disturb the determination of the ALJ, as it is supported by substantial evidence of record and comports with the applicable regulations.

Plaintiff also claims that there is no legal basis for the ALJ's rejection of Dr. Zwemer's sitting restrictions, because, "The Administrative Law Judge did not cite what objective test results were present in the record to support his opinion." (Plaintiff's Objections, page 3.) This sweeping statement, without more, is legally insufficient to enable meaningful judicial review. The Court is unaware of any such rule or regulation, nor has plaintiff cited supporting case law for this legal insufficiency argument. In turn, this Court finds the argument lacks merit, and is therefore rejected.

Plaintiff's second area of contention is with regard to the vocational testimony relied upon

4

by the ALJ at Step Five in determining that there exist a significant number of jobs in the national economy that he can perform. At Step Five, it is the Commissioner that bears the burden of demonstrating that jobs exist in significant numbers in the economy that the claimant can perform given his residual functional capacity, Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990). Accordingly, the focus of judicial review in Step Five cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant, Varley v. Secretary, 820 F.2d 777 (6th Cir. 1987). At the hearing, the ALJ posed a detailed hypothetical which incorporated the vocational limitations expressed by Dr. Zwemer, the reading and mental limitations expressed by Dr. Wagner, and plaintiff's past work experience (Tr. 102). In response, vocational expert John Grenfell identified several jobs in the state and national economy which Mr. Brown would be capable of performing, including that of security monitor, scaler, clerk in a self-service gas station, and a clerk in a motel (Tr. 102).

     Plaintiff suggests that the hypothetical posed was insufficient to support the vocational findings of the ALJ, particularly in light of the plaintiff's perceived mathematical limitations. However, when plaintiff's counsel specifically questioned the VE about the limitation, the claimant was found to have some transferable skills from his past semi-skilled work as a liquor store cashier (Tr. 21). Plaintiff further argues that the jobs identified were either too physically demanding, or too mentally and educationally demanding. When specifically questioned on these issues by plaintiff's counsel, the VE testified that the math limitation would not impact Mr. Brown's ability to do the jobs identified (Tr. 105), nor would his moderate limitations in dealing with the public prevent his performance of the jobs identified (Tr. 103-105).

Finally, plaintiff argues that the ALJ failed to ask the VE if his testimony conflicted with the Dictionary of Occupational Titles. This argument is based upon plaintiff's post-hearing analysis of the DOT in an attempt to show that the VE's testimony was inconsistent with the DOT. However, the accuracy of the vocational testimony was not explored at the hearing. Furthermore, the only inconsistency between the VE's testimony and the DOT is the "SVP" identified for the hotel/motel clerk job; that is, the VE testified that it is 3 when the DOT indicates that it is 4. The Court finds that this inconsistency is at most harmless error, because the VE's testimony provides ample explanation as to why the plaintiff is capable of performing this work. The ALJ's findings at Step Five are supported by substantial evidence and are entitled to deference by this Court.

In sum, substantial evidence supports the findings of the Commissioner. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, <u>Crum v. Sullivan</u>, 921 F.2d 642, 644 (6th Cir. 1990). The Findings of Fact, Conclusions of Law, and Recommendation of the Magistrate are adopted, and the decision of the Commissioner is upheld. A Judgment in conformity with this Memorandum Opinion has this day been entered.

July 25, 2005

Edward H. Johnstone, Senior Judge
United States District Court